IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

AARON FLEMONS
ADC #119749                                                                                    PLAINTIFF

v.                               Case No. 5:17-cv-00204-KGB/BD

LASONYA GRISWOLD, *et al*.                                                        DEFENDANTS

## ORDER

The Court has received the five Partial Recommended Dispositions submitted by United States Magistrate Judge Beth Deere (Dkt. Nos. 89, 95, 96, 100, 102). Plaintiff Aaron Flemons has filed objections to all five Partial Recommended Dispositions (Dkt. Nos. 92, 99, 101, 104). After careful consideration of the Partial Recommended Dispositions, the objections, and a *de novo* review of the record, the Court adopts Judge Deere's Partial Recommended Dispositions as its findings in all respects (Dkt. Nos. 89, 95, 96, 100, 102).

Mr. Flemons, a prisoner proceeding *pro se*, filed this action on August 7, 2017, pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights during his incarceration at the "East Area Regional Max unit" in Marianna, Arkansas (Dkt. No. 33, at 1).[1] As relevant here, Mr. Flemons has named as defendants Dr. Byrd, Nurse Tina Evans, Nurse Jalen Tucker, Nurse Brandi Hibbs, Nurse Amanda Sackett, Nurse Tasia Moss, and Nurse Lindsey Wingfield, among others (Dkt. Nos. 46, 58). Though Judge Deere filed five individual Partial Recommended Dispositions and Mr. Flemons objects to each individual Partial Recommended Disposition, each separately-filed Partial Recommended Disposition and attendant objection follows a similar pattern.

---

[1] Mr. Flemons filed an amended complaint on February 7, 2018, a supplemental complaint on May 7, 2018, and a second amended complaint on July 11, 2018 (Dkt. Nos. 33, 46, 58).

In the first Partial Recommended Disposition, Judge Deere notes that on June 20, 2018, a summons issued to Dr. Byrd was returned to the Court unexecuted with an explanation that he was neither a Correct Care Solutions ("CCS") employee nor an independent contractor, and that counsel for CCS was unable to identify this defendant (Dkt. Nos. 53; 89, at 1). On June 28, 2018, Judge Deere ordered Mr. Flemons to ascertain Dr. Byrd's address, using the discovery process or by other means, by September 25, 2018, so that Dr. Byrd could be timely served with a copy of the complaint (Dkt. Nos. 56, at 1; 89, at 2). By November 19, 2018, Mr. Flemons had failed to notify Judge Deere of a valid service address for Dr. Byrd, and the time allowed by the Federal Rules of Civil Procedure for serving Dr. Byrd with process had expired (Dkt. No. 89, at 2). *See* Fed. R. Civ. P. 4(m). Therefore, Judge Deere recommends that Mr. Flemons' claims against Dr. Byrd be dismissed without prejudice (Dkt. No. 89, at 2). In Mr. Flemons' objection, he contends that he was provided Dr. Byrd's name by a CCS employee in a grievance response (Dkt. Nos. 2, at 55, 57; 92, at 1). As a result, Mr. Flemons challenges that defendants now state that they cannot identify Dr. Byrd (Dkt. No. 92, at 1). Additionally, Mr. Flemons alleges that any information provided to the Court regarding Dr. Byrd's address was done so under seal, leaving Mr. Flemons unable to attain such information (*Id.*). Mr. Flemons claims that without appointing counsel he cannot obtain any additional information regarding Dr. Byrd's whereabouts (*Id.*). Thus, in addition to objecting to Judge Deere's recommendation, Mr. Flemons also claims that this Court should appoint him counsel (*Id.*).

In the second Partial Recommended Disposition, Judge Deere notes that on September 20, 2018, summonses for Ms. Evans and Mr. Tucker were returned to the court unexecuted with an explanation that Ms. Evans and Mr. Tucker are traveling nurses for Maxim Healthcare and that counsel for CCS does not have addresses for them (Dkt. Nos. 63; 73; 95, at 1). On September 26,

2

2018, Judge Deere ordered Mr. Flemons to locate service addresses for Ms. Evans and Mr. Tucker, using discovery rules or otherwise, by December 26, 2018 (Dkt. Nos. 79, at 2; 95, at 1-2). By January 15, 2019, Mr. Flemons had failed to notify Judge Deere of valid service addresses for Ms. Evans and Mr. Tucker, and the time allowed by the Federal Rules of Civil Procedure for serving Ms. Evans and Mr. Tucker with process had expired (Dkt. No. 95, at 2). *See* Fed. R. Civ. P. 4(m). Therefore, Judge Deere recommends that Mr. Flemons' claims against Ms. Evans and Mr. Tucker be dismissed without prejudice (Dkt. No. 95, at 2).

Additionally, in the third Partial Recommended Disposition, Judge Deere notes that on September 20, 2018, a summons issued to Ms. Hibbs at her last-known address was also returned unexecuted (Dkt. Nos. 77; 96, at 1). On October 16, 2018, Judge Deere ordered Mr. Flemons to locate a valid service address for Ms. Hibbs, through the discovery process or otherwise, by January 14, 2019 (Dkt. Nos. 86; 96, at 2). By January 16, 2019, Mr. Flemons had failed to notify Judge Deere of a valid service address for Ms. Hibbs, and the time allowed by the Federal Rules of Civil Procedure for serving Ms. Hibbs with process had expired (Dkt. No. 96, at 2). *See* Fed. R. Civ. P. 4(m). Therefore, Judge Deere recommends that Mr. Flemons' claims against Ms. Hibbs be dismissed without prejudice (Dkt. No. 96, at 2). In Mr. Flemons' objection to both the second and third Partial Recommended Dispositions, he claims that he objects for the reasons stated in prior objections (Dkt. No. 99). Mr. Flemons reiterates that he is proceeding without assistance of counsel and cannot possess privileged information such as personal addresses (*Id.*). Without appointed counsel, Mr. Flemons maintains that he cannot locate and serve any defendants (*Id.*).

In the fourth Partial Recommended Disposition, Judge Deere notes that on September 20, 2018, a summons issued to Ms. Sackett was also returned unexecuted (Dkt. Nos. 74; 100, at 1). Counsel for CCS provided the last-known address for Ms. Sackett; however, the attempt to serve

3

the reissued summons at that last-known address was returned to the Court unexecuted on November 28, 2018 (Dkt. Nos. 90; 100, at 1). On December 3, 2018, Judge Deere ordered Mr. Flemons to locate a valid service address for Ms. Sackett, through the discovery process or otherwise, by March 3, 2019 (Dkt. Nos. 91; 100, at 1-2). Likewise, a summons issued to Ms. Moss was returned unexecuted on September 20, 2018 (Dkt. Nos. 75; 100, at 2). Counsel for CCS provided the last-known address for Ms. Moss; however, the attempt to serve the reissued summons at that last-known address was returned to the Court unexecuted on December 20, 2018 (Dkt. Nos. 93; 100, at 1). On December 27, 2018, Judge Deere ordered Mr. Flemons to locate a valid service address for Ms. Moss, through the discovery process or otherwise, by March 20, 2019 (Dkt. Nos. 94; 100, at 2). By April 1, 2019, Mr. Flemons had failed to notify Judge Deere of valid service addresses for Ms. Sackett and Ms. Moss, and the time allowed by the Federal Rules of Civil Procedure for serving Ms. Sackett and Ms. Moss with process had expired (Dkt. No. 100, at 2). *See* Fed. R. Civ. P. 4(m). Therefore, Judge Deere recommends that Mr. Flemons' claims against Ms. Sackett and Ms. Moss be dismissed without prejudice (Dkt. No. 100, at 2). Mr. Flemons objected to this Partial Recommended Disposition for the reasons stated in his prior objections (Dkt. No. 101). Mr. Flemons notes that he is a maximum-security inmate and is unable to locate and serve these defendants due to his incarceration and inability to obtain any personal information of the defendants' (*Id.*).

Finally, in the fifth Partial Recommended Disposition, Judge Deere notes that a summons issued to Ms. Wingfield was returned unexecuted on September 20, 2018 (Dkt. Nos. 65; 102, at 1). Counsel for CCS provided the last-known address for Ms. Wingfield; however, the attempt to serve the reissued summons at that last-known address was returned to the Court unexecuted on January 29, 2019 (Dkt. Nos. 97; 102, at 1). On January 31, 2019, Judge Deere ordered Mr.

4

Flemons to locate a valid service address for Ms. Wingfield by April 30, 2019 (Dkt. Nos. 98; 102, at 1-2). By May 2, 2019, Mr. Flemons had failed to notify Judge Deere of a valid service address for Ms. Wingfield, and the time allowed by the Federal Rules of Civil Procedure for serving Ms. Wingfield with process had expired (Dkt. No. 102, at 2). *See* Fed. R. Civ. P. 4(m). Therefore, Judge Deere recommends that Mr. Flemons' claims against Ms. Wingfield be dismissed without prejudice (Dkt. No. 102, at 2). In his objection, Mr. Flemons again reiterates that he objects for the reasons stated in his prior objections (Dkt. No. 104).

The Court notes, however, that Mr. Flemons was previously granted authority to use the discovery process to ascertain the service addresses of Dr. Byrd (Dkt. No. 56), Ms. Evans (Dkt. No. 79), Mr. Tucker (*Id.*), Ms. Hibbs (Dkt. No. 86), Ms. Sackett (Dkt. No. 91), Ms. Moss (Dkt. No. 94), and Ms. Wingfield (Dkt. No. 98). Mr. Flemons bore the responsibility to provide the Court and the United States Marshal Service with valid service addresses for these defendants. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). Accordingly, after careful review of the Partial Recommended Dispositions and Mr. Flemons' objections, and after a *de novo* review of the record, the Court concludes that the Partial Recommended Dispositions should be, and hereby are, approved and adopted as this Court's findings in all respects (Dkt. Nos. 89, 95, 96, 100, 102). Consequently, the Court dismisses without prejudice Mr. Flemons' claims against Dr. Byrd, Ms. Evans, Mr. Tucker, Ms. Hibbs, Ms. Sackett, Ms. Moss, and Ms. Wingfield, and these defendants are dismissed without prejudice from this lawsuit.

It is so ordered this 10th day of February, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge