IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

AARON FLEMONS
ADC #119749                                                                                    PLAINTIFF

v.                        Case No. 5:17-cv-00204-KGB/BD

LASONYA GRISWOLD, *et al.*                                                        DEFENDANTS

### ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Edie R. Ervin (Dkt. No. 162). Plaintiff Aaron Flemons has filed a response to Recommended Disposition which the Court construes as an objection (Dkt. No. 167). After careful consideration of the Recommended Disposition, Mr. Flemons's objections, and a *de novo* review of the record, the Court adopts, in part, and declines to adopt, in part, the Recommended Disposition (Dkt. No. 162). The Court grants the motion for summary judgment of defendants Correct Care Solutions, LLC ("CCS"), LaSonya Griswold, Estella Bland, Lisa Knight, Dana Taunton, Aleeshia Quinones, Dana Peyton Haynes, Erika Crompton, Adloneya Baker, Alisha Bell, Charles Crawley, Monica Dunn, Megan Thomas, Sarah McVay, Angela Mixon, Yavonda Key, Lana Fryer Duvall, and Quible Butler ("Medical Defendants") (Dkt. No. 145); grants the motion for summary judgment of Rory Griffin (Dkt. No. 148); and declines to exercise supplemental jurisdiction over Mr. Flemons's state-law claims against the Medical Defendants and Mr. Griffin (Dkt. No. 162). The Court writes separately to address Mr. Flemons's objections.

Mr. Flemons's objections relate to his deliberate indifference claims brought under 42 U.S.C. § 1983 against the Medical Defendants (Dkt. No. 167, at 1-5). Mr. Flemons argues that Judge Ervin erred in finding his "condition non-serious." (Dkt. No. 167, at 1). He contends that Judge Ervin erroneously focused the attention on whether his condition was so obvious that even

a lay person would easily recognize the necessity for a doctor's attention, instead of looking at the fact that his condition was diagnosed as needing treatment (*Id.*). Mr. Flemons's objection on this point is well taken. There is evidence in the record to suggest that the injury to Mr. Flemons's finger required medical treatment. Chris Horan, M.D., opined that Mr. Flemons received treatment for his finger by medical providers; that Mr. Flemons was sent for several x-rays; and that, after Mr. Flemons was examined by Advanced Practice Registered Nurse Griswold on August 26, 2015, she did not find that Mr. Flemons needed any "further treatment at that time." (Dkt. No. 147-2, at 2). Accordingly, the Court declines to adopt Judge Ervin's finding that no reasonable juror could find that Mr. Flemons suffered an objectively serious medical need (Dkt. No. 162, at 16).

Even if the Court rejects Judge Ervin's finding and determines that Mr. Flemons had a serious medical need, that does not prevent the Court from adopting the remainder of Judge Ervin's Recommended Disposition and granting summary judgment in favor of the Medical Defendants. Mr. Flemons asserts that Judge Ervin erred in finding that the Medical Defendants provided appropriate care and treatment for his finger. Mr. Flemons also claims that understaffing at CCS caused delays in his receiving medical care after he re-injured his finger in January 2016 and that he did not receive prescribed ibuprofen (Dkt. No. 167, at 2-5). Mr. Flemons's objections amount to a disagreement with Dr. Chris Horan's declaration (Dkt. No. 147-2). Mr. Flemons disagrees with Dr. Horan's medical opinion that the Medical Defendants provided "medically appropriate care and treatment" for his finger; that "staffing had nothing to do with any perceived lack of treatment for his finger sprain"; that "continued prescription of ibuprofen was *not* medically necessary"; and that "there was no medical need for long-term use of ibuprofen in this circumstance." (Dkt. Nos. 147-2; 167). Mr. Flemons's disagreement with Dr. Horan's affidavit, even if asserted in a verified complaint, is insufficient to defeat summary judgment. *See Dulany*

*v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); *Fourte v. Faulkner Cty., Ark.*, 746 F.3d 384, 387 (8th Cir. 2014) ("Deliberate indifference is 'more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'") (quoting *Jolly v. Knudsen*, 205 F.3d 1096 (8th Cir. 2000)).

In his objections, Mr. Flemons also asserts that the Court erred in denying his motion to appoint counsel to assist in finding and serving additional defendants (Dkt. No. 167, at 5). Dismissal of these unserved defendants was the subject of several Partial Recommended Dispositions to which Mr. Flemons objected (*see* Dkt Nos. 89, 92, 95, 96, 99, 100, 101, 102, 104). The Court carefully reviewed each Partial Recommended Disposition, Mr. Flemons's objections, and reviewed the record *de novo*, before approving and adopting each Partial Recommended Disposition dismissing these defendants without prejudice in an order dated February 10, 2020 (Dkt. No. 134). Accordingly, Mr. Flemons already had an opportunity to object to the dismissal of the unserved defendants, and the Court considers his further objections to their dismissal moot (Dkt. Nos. 134; 167, at 5).

Upon a *de novo* review of the record, including the Recommended Disposition and Mr. Flemons's objections, the Court finds that Mr. Flemons's objections break no new ground. For these reasons, the Court adopts, in part, and declines to adopt, in part, the Recommended Disposition (Dkt. No. 162). The Court declines to adopt Judge Ervin's finding that no reasonable juror could find that Mr. Flemons suffered an objectively serious medical need (Dkt. No. 162, at 16). The Court approves and adopts as this Court's findings in all respects all other findings in the

Recommended Disposition. The Court grants the Medical Defendants' motion for summary judgment (Dkt. No. 145). The Court grants Mr. Griffin's motion for summary judgment (Dkt. No. 148). The Court dismisses with prejudice Mr. Flemons's 42 U.S.C. § 1983 claims against the Medical Defendants and Mr. Griffin. The Court dismisses without prejudice Mr. Flemons's supplemental state law claims against the Medical Defendants and Mr. Griffin under 28 U.S.C. § 1367(c)(3).

So ordered this the 1st day of March, 2022.

Kristine G. Baker
United States District Judge